

# NUMBER 13-20-00408-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROBERT SALDANA,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 94th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Hinojosa**

Appellant Robert Saldana appeals the trial court's judgment revoking his community supervision, adjudicating him guilty of the offense of aggravated robbery, a first-degree felony, *see* TEX. PENAL CODE ANN. § 29.03, and sentencing him to ten years' imprisonment. In two issues, Saldana argues: (1) there was insufficient evidence establishing a violation of his community supervision conditions; and (2) his sentence

constituted cruel and unusual punishment in violation of the Eighth Amendment. *See* U.S. CONST. amend. VIII. We affirm as modified.

## I.  BACKGROUND

A grand jury returned an indictment charging Saldana with committing aggravated robbery by threatening a person with a firearm in the course of committing a theft of a cell phone. *See* TEX. PENAL CODE ANN. § 29.03. Saldana pleaded guilty pursuant to a plea agreement, and the trial court placed him on deferred adjudication-community supervision for a period of ten years. The State later filed a motion to adjudicate guilt[1] alleging that Saldana violated his community supervision conditions by committing the following offenses: (1-a)[2] unlawful carrying of a weapon; (1-b) possession of controlled substance in penalty group three; and (1-c) possession of marijuana. The State further alleged the following violations: (2-a) testing positive for benzodiazepines; (2-b) testing positive for amphetamines; (3) associating with persons of disreputable or harmful character; (4-a & b) twice failing to report to his community supervision officer as directed; (11) failing to pay fines and fees; (18-a, b, & c) possessing a firearm on three occasions; (19) failing to report a new arrest within twenty-four hours; and (22-e) failing to observe curfew.

At the adjudication hearing, Saldana pleaded true to violations 11 and 22-e. Saldana pleaded not true to the remaining alleged violations. The State called Trooper Surran Allen with the Texas Department of Public Safety. Trooper Allen testified that he stopped to assist a stranded motorist at approximately 2:00 a.m. on December 26, 2019,

---

[1] The State amended the motion to adjudicate twice.

[2] We number the violations as they are identified in the State's motion.

in Corpus Christi, Texas. He detected a marijuana odor as he approached the vehicle. The vehicle's driver and front seat passenger, who was later identified as Saldana, both exited the vehicle. The driver informed Trooper Allen that the vehicle had a flat tire. Trooper Allen asked about the marijuana odor, and Saldana responded that they "just finished smoking." When Trooper Allen asked for identification, Saldana went back to the vehicle, removed an object from his coat pocket and placed it inside the glove compartment. Due to the odor of marijuana, Trooper Allen determined he had probable cause to believe the vehicle contained narcotics. He searched the vehicle and discovered a clear bag with green pills, which he believed to be Xanax, in the glove compartment. Trooper Allen located a loaded firearm on the floorboard behind the front passenger seat, which was within arms' reach of both occupants. He also found a black purse containing marijuana and a marijuana cigarette on the middle console.

Trooper Allen later learned that Saldana was the registered owner of the vehicle. Based upon his interactions with Saldana, Trooper Allen believed that Saldana was intoxicated by narcotics or alcohol.

David Curtis, a firearm examiner with the Corpus Christi Police Department, testified that he found no fingerprints on the firearm recovered from the vehicle.

Sylvia Story, Saldana's community supervision officer, testified that Saldana tested positive for benzodiazepines and amphetamines on separate occasions and that he did not have a prescription for those substances. Story also stated that Saldana failed to report as required on November 7 and December 9 of 2019. She testified that Saldana was in arrears for court costs and fines. Finally, Story stated that Saldana never reported

3

his December 26, 2019 arrest.

The trial court found the following alleged violations to be true: 1-a, 11, 18-a, and 22e. The trial court found the remaining alleged violations to be not true. The State then recalled Story to testify regarding punishment. Story testified that Saldana was previously on probation as a juvenile for possession of marijuana, burglary of a habitation, theft of a firearm, and unauthorized use of a motor vehicle. At the close of evidence, the trial court revoked Saldana's community supervision, adjudicated him guilty for aggravated robbery, and sentenced Saldana to ten years' imprisonment. This appeal followed.

## II.    SUFFICIENCY OF THE EVIDENCE

In his first issue, Saldana argues that the trial court abused its discretion in revoking his community supervision and adjudicating him guilty because there was insufficient evidence that Saldana violated the conditions of community supervision by unlawfully carrying a weapon.

## A.    Standard of Review & Applicable Law

We review a trial court's order revoking deferred adjudication-community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). The trial court has discretion to revoke community supervision when the State proves by a preponderance of the evidence that the defendant violated at least one condition of his community supervision. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). "[A] preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his

4

[community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).

## B. Analysis

Saldana fails to challenge the sufficiency of the evidence supporting each violation which the trial court found to be true. This includes the two violations to which he pleaded true. A finding of a single violation of community supervision, even a technical violation, is sufficient to support revocation. *Olabode v. State*, 575 S.W.3d 878, 880–81 (Tex. App.—Dallas 2019, pet. ref'd); *see Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd). To establish an abuse of discretion, an appellant must challenge the sufficiency of the evidence as to each violation which the trial court found to be true. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In addition, a plea of true constitutes proof of a violation by a preponderance of the evidence. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.); *see also Stowe v. State*, No. 13-18-00415-CR, 2019 WL 2622342, at *2 (Tex. App.—Corpus Christi–Edinburg June 27, 2019, no pet.) (mem. op., not designated for publication). Because Saldana failed to challenge each of the trial court's findings of true, he has not demonstrated that the trial court abused its discretion in revoking his community supervision and adjudicating guilt. *See Smith*, 286 S.W.3d at

342; *Cardona*, 665 S.W.2d at 494. We overrule Saldana's first issue.

### III.   CRUEL & UNUSUAL PUNISHMENT

In his second issue, Saldana argues that his ten-year prison sentence is excessive in violation of the Eighth Amendment of the United States Constitution. *See* U.S. CONST. amend. VIII.

### A.   Applicable Law

An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991)); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); *see also Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (acknowledging that the Eighth Amendment is applicable to the states by virtue of the Fourteenth Amendment). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (providing that a sentence is unlikely to be disturbed on appeal if it is assessed within the legislatively determined range).

To preserve for appellate review a complaint that a sentence constitutes cruel and unusual punishment, a defendant must present to the trial court a timely request,

objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.) (holding that to preserve a disproportionate-sentencing complaint, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial); *Toledo v. State*, 519 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (same).

## B. Analysis

Saldana did not object in the trial court that his sentence was disproportionate to the offense charged or in violation of his constitutional rights. Furthermore, the trial court's ten-year sentence falls well within the statutory prescribed punishment range for first-degree felonies. *See* TEX. PENAL CODE ANN. § 12.32 ("An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years."). Accordingly, we hold that Saldana failed to preserve this complaint for our review. *See Smith*, 721 S.W.2d at 855; *Trevino*, 174 S.W.3d at 927–28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."). We overrule Saldana's second issue.

## IV. MODIFICATION OF JUDGMENT

Although not raised by the parties, we observe a clerical error in the judgment, which states that Saldana pleaded "True to allegation 11, except not true to all others[.]"

The record clearly establishes that Saldana pleaded true to allegations 11 and 22-e.

We may modify incorrect judgments to make the record "speak the truth" when we have the necessary data and information, and we may do so on our own motion. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). We have the power to modify whatever the trial court could have corrected by a judgment nunc pro tunc when the information necessary to correct the judgment appears in the record. *Ette v. State*, 551 S.W.3d 783, 792 (Tex. App.—Fort Worth 2017), *aff'd*, 559 S.W.3d 511 (Tex. Crim. App. 2018). We conclude that the necessary information to correct the judgment appears in the record. *See id*. Therefore, we modify the trial court's judgment to reflect that Saldana pleaded "True to allegations 11 and 22-e, except not true to all others."

## V.  CONCLUSION

We modify the trial court's judgment to reflect that Saldana pleaded "True to allegations 11 and 22-e, except not true to all others." We affirm the trial court's judgment as modified.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of March, 2021.