

# NUMBER 13-20-00444-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHN HENRY AUSTIN,                                                        **Appellant,**

**v.**

THE STATE OF TEXAS,                                                   **Appellee.**

### On appeal from the 105th District Court of Kleberg County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Hinojosa

Appellant John Henry Austin appeals the trial court's judgment revoking his community supervision, adjudicating him guilty of the offense of assault family violence, a third-degree felony, *see* TEX. PENAL CODE ANN. § 22.01(b)(2)(B), and sentencing him to nine years' imprisonment. In two issues, Austin argues: (1) there is insufficient evidence supporting the trial court's findings that he violated the terms of his community

supervision; and (2) his nine-year sentence constitutes cruel and unusual punishment. We affirm.

## I. BACKGROUND

A grand jury returned an indictment charging Austin with assaulting a family member by impeding the complainant's breath through applying pressure to the throat or neck. *See id.* Austin pleaded guilty pursuant to a plea agreement, and the trial court placed him on deferred adjudication-community supervision for three years. The State later filed a motion to revoke community supervision and adjudicate guilt[1] alleging Austin violated his community supervision conditions by: (1–3) smoking marijuana, and twice smoking synthetic marijuana; (4) committing the offense of assault causing bodily injury; (5) failing to report to his community supervision officer for four months; (6 and 7) leaving his county of residence without permission on May 11, 2020 (Dallas County) and March 11, 2020 (Nueces County); (8 and 9) twice failing to report a change of address (Dallas and Nueces counties); (10) testing positive for cocaine; and (11–16) failing to pay various fines and fees.

At the outset of the adjudication hearing, the State announced it was abandoning count 4, which alleged that Austin committed the offense of assault. Austin then pleaded true to counts 1 and 2 and not true to each remaining count. The State called Kristen Jamison, a community supervision officer for Kleberg and Kenedy counties. The State established that Jamison was a custodian of records for her office, and it then asked

---

[1] The State proceeded on its first amended motion to revoke community supervision. We number the counts as they are identified in the State's motion to adjudicate guilt.

2

Jamison to read from Austin's community supervision file.[2] According to Austin's file, community supervision officer Michelle James met with Austin on September 14, 2020, at the Nueces County jail. At that meeting, Austin stated that he was living at his mother's house in Agua Dulce and that he was not working due to the pandemic. Austin told James that he was recently arrested because his girlfriend alleged that he assaulted her. Austin admitted to using synthetic marijuana on March 11, 2020, and marijuana on August 26, 2020. When James asked Austin about an assault charge from Dallas County, Texas, he denied having been to Dallas County.

At the hearing, Austin testified on his own behalf. He acknowledged that he failed to report to his community supervision officer from April 2020 to July 2020. He stated that he reported on March 11, 2020, at which time he explained that he moved to his mother's house in Nueces County due to ongoing issues with his girlfriend. He claimed that he did not continue to report after the initial visit because he thought his case was transferred to Nueces County's community supervision office. He maintained that he reported his move to Nueces County as soon as he could although not within twenty-four hours as required by his community supervision conditions. Austin stated that he was unable to pay the required fines and fees because he was unemployed.

The trial court found the following counts to be true: 1–3 (smoking marijuana, and

---

[2] The hearing was held via a Zoom videoconference. The State never moved to admit Austin's community supervision file, which Jamison had in her possession. When the State asked Jamison to recite statements contained in the file, Austin lodged a hearsay objection. *See* TEX. R. EVID. 801, 802. The State responded that the file itself was subject to the business records exception to the hearsay rule, *see id.* R. 803(6), and that Austin's statements within the file were admissible as a statement against interest. *See id.* R. 803(24); *see also id.* R. 801(e)(2) (providing that certain statements by an opposing party are not hearsay), R. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule."). The trial court overruled Austin's objection. Austin does not challenge the trial court's evidentiary ruling on appeal.

twice smoking synthetic marijuana); 5 (failing to report to his community supervision officer for four months); 7 (leaving county of residence without permission); 8–9 (twice failing to report a change of address); 10 (testing positive for cocaine); and 12–16 (failing to pay fines and fees). The trial court found the remaining counts to be not true.

Austin's brother, James Ray Austin, testified as a punishment witness. James described Austin as a hard worker who is very responsible. According to James, Austin takes care of his girlfriend's children, although Austin is not their biological father. James stated that Austin's girlfriend is manipulative and causes Austin trouble. Both James and their mother have told Austin to separate from his girlfriend. James testified, contrary to Austin's earlier testimony, that Austin had been to Dallas during his community supervision term.

Austin testified that he has served as a father figure for his girlfriend's children for six years. He maintained that he will be able to find work should he not be imprisoned because the Covid-19 pandemic has "slowed down."

Austin's mother, Rosa Linda Austin, testified that Austin would be able to comply with his community supervision conditions if he separated from his girlfriend. Like James, Rosa stated that Austin had spent time in Dallas when his girlfriend relocated.

The trial court revoked Austin's community supervision, adjudicated him guilty of assault family violence, and sentenced Austin to nine years' imprisonment. This appeal followed.

## II.    SUFFICIENCY OF THE EVIDENCE

In his first issue, Austin argues that there is insufficient evidence supporting those

4

violations "for which appellant pled not true[.]"

## A. Standard of Review & Applicable Law

We review a trial court's order revoking deferred adjudication-community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). The trial court has discretion to revoke community supervision when the State proves by a preponderance of the evidence that the defendant violated at least one condition of his community supervision. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). "[A] preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).

## B. Analysis

Austin fails to challenge the sufficiency of the evidence supporting each violation which the trial court found to be true; specifically, the two counts to which Austin pleaded true. A finding of a single violation of community supervision, even a technical violation, is sufficient to support revocation. *Olabode v. State*, 575 S.W.3d 878, 880–81 (Tex. App.—Dallas 2019, pet. ref'd); *see Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd). To establish an abuse of discretion, an appellant must challenge the sufficiency of the

evidence as to each violation which the trial court found to be true. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984); *Olabode*, 575 S.W.3d at 880–81. In addition, a plea of true constitutes proof of a violation by a preponderance of the evidence. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.); *see also Stowe v. State*, No. 13-18-00415-CR, 2019 WL 2622342, at *2 (Tex. App.—Corpus Christi–Edinburg June 27, 2019, no pet.) (mem. op., not designated for publication). Because Austin failed to challenge each of the trial court's findings of true, he has not demonstrated that the trial court abused its discretion in revoking his community supervision and adjudicating guilt. *See Smith*, 286 S.W.3d at 342; *Olabode*, 575 S.W.3d at 880–81. We overrule Austin's first issue.

### III. CRUEL & UNUSUAL PUNISHMENT

In his second issue, Austin argues that his nine-year prison sentence is excessive, and therefore violates the Eighth Amendment's prohibition of cruel and unusual punishment. *See* U.S. CONST. amend. VIII.

### A. Applicable Law

An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991)); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual

punishments inflicted."). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (providing that a sentence is unlikely to be disturbed on appeal if it is assessed within the legislatively determined range).

To preserve for appellate review a complaint that a sentence constitutes cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.) (holding that to preserve a disproportionate-sentencing complaint, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial); *Toledo v. State*, 519 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (same).

## B. Analysis

Austin did not object in the trial court that his sentence was disproportionate to the offense charged or in violation of his constitutional rights. Furthermore, the trial court's nine-year sentence falls within the statutory prescribed punishment range for third-degree felonies. *See* TEX. PENAL CODE ANN. § 12.34(a) ("An individual adjudged guilty of a felony of the third degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years."). Accordingly, we hold that Austin failed to preserve this complaint for our review. *See Smith*, 721 S.W.2d at 855; *Trevino*, 174 S.W.3d at 927–28 ("Because the sentence

7

imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."). We overrule Austin's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
15th day of July, 2021.