**Affirmed and Opinion Filed May 9, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-21-00129-CR**
**No. 05-21-00130-CR**

**VICTORIA IFEANYI ANWUZIA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Rockwall County, Texas**
**Trial Court Cause Nos. CR16-0886 and CR16-0887**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Nowell

Victoria Ifeanyi Anwuzia appeals from judgments revoking her community supervision in two cases. After the jury found appellant guilty of assault causing bodily injury and driving while intoxicated, the trial court assessed punishment at 90 days and 60 days respectively in the Rockwall County Jail, probated for twenty-four months. The trial court also assessed a fine of $1000 in each case. Appellant filed an appeal of these convictions but did not file a brief or the reporter's record. This Court affirmed the trial court's judgments. *See Anwuzia v. State*, No. 05-17-01469-CR, 2018 WL 2949442, at *1 (Tex. App.—Dallas June 13, 2018, no pet.) (mem. op., not

designated for publication). The State later filed motions to revoke community supervision in both cases. After a hearing, the trial court granted the motions, rendered judgments revoking appellant's community supervision, and sentenced her to 90 days and 60 days in jail respectively.

In three issues, appellant contends the trial court abused its discretion by denying her oral motion for continuance, the evidence was insufficient to show she signed the conditions of probation, and the court failed to conduct a hearing on whether her failure to pay her fines and court costs was willful before finding she violated the terms of probation by failing to pay these sums. We affirm the trial court's judgments.

At the beginning of the revocation hearing, appellant made an oral motion for continuance so that she could contact an appellate attorney regarding her appeal of the underlying convictions. The trial court denied the motion for continuance.

The code of criminal procedure requires motions for continuance to be in writing and sworn. TEX. CODE CRIM. PROC. arts. 29.03, 29.08. Unsworn oral motions for continuance preserve nothing for review. *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012); *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009). Because appellant's motion for continuance was oral and unsworn, nothing is preserved for appeal. We overrule appellant's first issue.

In her second issue, appellant contends the trial court abused its discretion by revoking her community supervision without sufficient evidence to prove that she signed the probation conditions.

We review a trial court's order revoking probation for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In determining questions regarding sufficiency of the evidence in probation revocation cases, the burden of proof is by a preponderance of the evidence. *Id.* A preponderance of the evidence means the "greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Id.* (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)).

At the revocation hearing, the State offered the "Acknowledgment of the Reading and Understanding of the Terms and Conditions of Probation" signed by appellant and officer Al Estrada. Appellant objected to the authentication of her signature on the document because officer Estrada was not present to testify regarding the signed the form. The trial court overruled the objection.

Ashley Bellows, Assistant Director for Rockwall County Adult Probation, testified at the revocation hearing. She explained that when a person is first placed on probation, an officer reads and explains the conditions of probation to the person and gives them a copy of the conditions. The officer will answer any questions the probationer has, then they both sign a document indicating the probationer has been

given a copy of their conditions of probation, understands those conditions, and agrees to abide by them.

Although Bellows was not present when appellant signed the document, she testified the document was signed by officer Estrada, who performed appellant's intake, and, referring to the chronological notes maintained by the department, that appellant was provided with the terms and conditions of her probation on the date the document was signed. She also explained that the document is a standard form used with everyone placed on probation. Based on the record before it, the trial court could have reasonably concluded that the document was what the State claimed it to be, an acknowledgment of receipt of the conditions of her probation signed by appellant. *See* TEX. R. EVID. 901(a) (to satisfy authentication requirement, proponent must present evidence sufficient to support finding that item is what proponent claims it to be). We conclude the trial court did not abuse its discretion by concluding appellant had notice of the terms and conditions of her probation. We overrule appellant's second issue.

In her third issue, appellant argues the trial court abused its discretion by failing to inquire into the willfulness of her failure to pay her fine and court costs as required by *Bearden v. Georgia*, 461 U.S. 660 (1983). One of the violations alleged by the State was that appellant failed to pay her fine and court costs. However, the State relied on other violations of the conditions of her community supervision, specifically, failure to report for several months after the judgments were affirmed

and failure to complete an alcohol or drug assessment and a Court-approved DWI Education Program. Bellow testified as to each of these violations and the trial court found them to be true. Appellant does not challenge these violations on appeal. Proof of a single violation of community supervision is sufficient to support a trial court's decision to revoke community supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). Because appellant does not challenge each violation supporting the trial court's decision to revoke her community supervision, we overrule her third issue and affirm the trial court's judgments. *Olabode v. State*, 575 S.W.3d 878, 880–81 (Tex. App.—Dallas 2019, pet. ref'd) (holding court of appeals must affirm trial court's judgment if appellant does not challenge each ground on which court revoked community supervision).

We affirm the trial court's judgments.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

210129f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

VICTORIA IFEANYI ANWUZIA,
Appellant

No. 05-21-00129-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at
Law No. 1, Rockwall County, Texas
Trial Court Cause No. CR16-0886.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and
Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 9th day of May, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

VICTORIA IFEANYI ANWUZIA,
Appellant

No. 05-21-00130-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at
Law No. 1, Rockwall County, Texas
Trial Court Cause No. CR16-0887.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and
Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 9th day of May, 2022.