**AFFIRM; and Opinion Filed May 2, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00524-CR
No. 05-18-00526-CR

**PETER EGHOSASERE OLABODE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F14-15563-J**
**Trial Court Cause No. F14-55950-J**

## OPINION

Before Justices Brown, Schenck, and Pedersen, III
Opinion by Justice Brown

Appellant Peter Eghosasere Olabode appeals the trial court's judgments adjudicating him guilty of aggravated robbery[1] and evading arrest[2] and sentencing him to imprisonment for twenty-five and ten years, respectively. In three issues, appellant contends the trial court erred in (1) denying his motion to quash the State's amended motions to revoke probation or proceed with an adjudication of guilt, (2) finding he violated probation Condition T in the aggravated robbery case, and (3) admitting his probation file into evidence. For the following reasons, we affirm the trial court's judgments.

---

[1] Trial cause number F14-15563-J; appellate cause number 05-18-00524-CR.

[2] Trial cause number F14-55950-J; appellate cause number 05-18-00526-CR.

BACKGROUND

In separate proceedings, appellant judicially confessed and entered guilty pleas to aggravated robbery and evading arrest indictments. The trial court deferred a finding of guilt and placed appellant on eight years' community supervision in each case. And, with the exception of Condition T,[3] appellant's community supervision conditions were identical in each case.

The State filed a motion to revoke probation or proceed with an adjudication of guilt in each case[4] and, after amending the motions, alleged violations of Conditions A, B, C, D, E, F, G, K, L, N, P, Q, R, S, and T of appellant's community supervision. Appellant moved to quash the State's amended motions, asserting, among other things, that the motions failed to give him sufficient notice of the violations of Conditions A, B, C, E, F, G, L, P, Q, R, and S. The trial court considered appellant's motion to quash at the outset of a joint revocation hearing in the two cases. The State abandoned its alleged violations of Conditions A, B, C, and D in the aggravated robbery case and Conditions A, B, C, D, and T in the evading arrest case but argued the remaining allegations provided proper notice of the violations. The trial court denied appellant's motion to quash and, following the hearing, found that appellant violated Conditions F, L, P, Q, and R in each case. In the aggravated robbery case, the trial court also found that appellant violated Condition T. Following the punishment phase of the hearing, the trial court adjudicated appellant's guilt and sentenced appellant to imprisonment for twenty-five years in the aggravated robbery case and ten years in the evading arrest case.

---

[3] In the aggravated robbery case, Condition T required appellant to participate in the Community Control Program/High Risk Caseload; in the evading arrest case, Condition T required appellant to schedule an appointment with the probation department.

[4] The State previously filed, but withdrew, motions to revoke probation or proceed with an adjudication of guilt in each case. After the State withdrew the motions, the trial court signed an order modifying appellant's community supervision by adding conditions in the aggravated robbery case.

COMMUNITY SUPERVISION VIOLATIONS

In his first issue, appellant contends the trial court erred in denying his motion to quash because the State's allegations of community supervision violations were impermissibly vague. In his second issue, appellant complains the trial court erred in finding he violated community supervision Condition T in the aggravated robbery case because the State previously alleged the violation and the trial court thereafter modified the conditions of his community supervision.

Appellant generally contends the allegations of community supervision violations were too vague and indefinite, but he addresses only Conditions F,[5] L,[6] and R[7] in his brief. Appellant has not asserted any error relating to violations of Conditions P or Q,[8] which also were bases for the trial court's decision to proceed with an adjudication of guilt. Proof of a single violation of community supervision is sufficient to support a trial court's decision to revoke community supervision, *see Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.), and we must affirm a trial court's judgment if an appellant does not challenge each ground on which the trial court revoked community supervision. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Guerrero v. State*, 554 S.W.3d 268, 274 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Albolaez v. State*, No. 05-09-01355-CR, 2011 WL 477914, at *2 (Tex. App.—Dallas Feb. 11, 2011, no

[5] Appellant complains the Condition F allegation that appellant "failed to work faithfully at suitable employment as ordered by the Court" did not specify what sort of employment was suitable, how long appellant had to secure employment, and what constituted "faithful" work to find employment.

[6] Appellant asserts the Condition L allegation that appellant did not "complete Community Service hours as directed" failed to specify the hours required and when appellant had to complete them.

[7] Appellant contends the Condition R allegation that appellant "did not attend and complete Thinking for a Change" failed to specify a deadline for taking and completing the program.

[8] Condition P required appellant not to "possess, consume or purchase any alcoholic beverages, or illegal controlled substances during the term of Supervision," and the State alleged in its motions to revoke probation or proceed with an adjudication of guilt that:

> [appellant] did violate condition [P] in that s(he) did possess, consume, purchase illegal controlled substances. On 7/19/16, [appellant's] vehicle was searched pursuant to a search warrant and a clear plastic bag containing marijuana was found in the trunk. During [appellant's] arrest, a search was conducted and 3 firearms and methamphetamine and cocaine [were] also found.

Condition Q required appellant to "attend and complete IOP [Intensive Outpatient Program] as directed," and the State's motions alleged that "[appellant] did violate condition [Q] in that he did not attend and complete IOP as directed."

pet.) (not designated for publication). Because appellant has not challenged each violation supporting the trial court's decision to revoke community supervision and adjudicate guilt, we must affirm the trial court's judgments. *See Moore*, 605 S.W.2d at 926; *Guerrero*, 554 S.W.3d at 274. For the same reason, we need not consider appellant's second issue challenging a violation of Condition T as a basis supporting the trial court's decision to adjudicate guilt in the aggravated robbery case. *See Guerrero*, 554 S.W.3d at 274; *Ross v. State*, No. 05-15-00351-CR, 2016 WL 929277, at *7 (Tex. App.—Dallas Mar. 11, 2016, no pet.) (mem. op., not designated for publication); *see also* TEX. R. APP. P. 47.1. Accordingly, we overrule appellant's first and second issues.

CONFRONTATION CLAUSE

In the revocation hearing, the State relied on a summary of appellant's Dallas County Probation Department file to prove he violated conditions of his community supervision. The records were authenticated by the testimony of Melody Cash-Butler, a Dallas County probation officer who had direct involvement supervising appellant. In his third issue, appellant contends the trial court erred in admitting the summary over his objection under the Sixth Amendment Confrontation Clause because the summary contained records created, and statements made, by witnesses other than Cash-Butler. Appellant asserts the error was harmful because there is "little chance" the trial court did not consider the file in either finding appellant violated conditions of his community supervision or assessing his punishment.

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. Admission of a hearsay statement made by a non-testifying declarant violates the Sixth Amendment if the statement was testimonial and

–4–

the defendant did not have a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 68 (2004); *Wall v. State*, 184 S.W.3d 730, 734 (Tex. Crim. App. 2006).

In a line of unpublished cases, this Court has concluded the right to confrontation under the Sixth Amendment does not apply during revocation proceedings. *See Roberts v. State*, No. 05-16-00338-CR, 2017 WL 461354, at *3 (Tex. App.—Dallas Jan. 24, 2017, pet. dism'd) (mem. op., not designated for publication); *Preston v. State*, No. 05-14-01131-CR, 2015 WL 4241406, at *2 (Tex. App.—Dallas July 14, 2015, no pet.) (mem. op., not designated for publication); *Riley v. State*, No. 05-13-00900-CR, 2014 WL 1856845, at *3 (Tex. App.—Dallas May 8, 2014, pet. ref'd) (mem. op., not designated for publication); *Gutierrez v. State*, No. 05-11-01380-CR, 2013 WL 3533549, at *1 (Tex. App.—Dallas July 12, 2013, pet. ref'd) (mem. op., not designated for publication). By its own terms, the Confrontation Clause applies only to criminal prosecutions, and a probation revocation, whether it follows "regular" probation or deferred adjudication probation, is not a stage of criminal prosecutions. *See Roberts*, 2017 WL 461354, at *2–3; *Gutierrez*, 2013 WL 3533549, at *1 (citing *Wisser v. State*, 350 S.W.3d 161, 164 (Tex. App.—San Antonio 2011, no pet.); *Trevino v. State*, 218 S.W.3d 234, 239 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Smart v. State*, 153 S.W.3d 118, 121 (Tex. App.—Beaumont 2004, pet. ref'd)). Accordingly, the trial court did not err in admitting the summary of appellant's probation file over appellant's Confrontation Clause objection. We overrule appellant's third issue.

We affirm the trial court's judgments adjudicating guilt.

/Ada Brown/
ADA BROWN
JUSTICE

Publish
TEX. R. APP. P. 47.2(b)

180524F.P05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PETER EGHOSASERE OLABODE,
Appellant

No. 05-18-00524-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F14-15563-J.
Opinion delivered by Justice Brown;
Justices Schenck and Pedersen, III
participating.

     Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 2nd day of May, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PETER EGHOSASERE OLABODE,
Appellant

No. 05-18-00526-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F14-55950-J.
Opinion delivered by Justice Brown;
Justices Schenck and Pedersen, III
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 2nd day of May, 2019.