**AFFIRM; Opinion Filed March 4, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01209-CR**
**No. 05-19-01210-CR**
**No. 05-19-01211-CR**

**JORDAN JEFFREY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-40805-I, F18-40804-I, F18-40793-I**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Schenck

Jordan Jeffrey appeals his convictions for the offenses of aggravated robbery

and robbery. In his sole issue on appeal, appellant argues the trial court erred by

finding each of the State's allegations true in its motions for revocation of

community supervision and adjudication of guilt and abused its discretion by

revoking his community supervision. We affirm the trial court's judgments.

Because all issues are settled in law, we issue this memorandum opinion. TEX. R.

APP. P. 47.4.

BACKGROUND

In May 2018, appellant was indicted in three separate cases for aggravated robbery. In September 2018, appellant entered pleas of guilty in each case. In two of the cases (trial court cause numbers F18-40805-I and F18-40793-I), appellant pleaded guilty to the charged offense, and the trial court found the evidence sufficient to prove the offense charged, deferred an adjudication of guilt, and placed appellant on community supervision for ten years. In the remaining case (trial court cause number F18-40804-I), appellant pleaded guilty to the lesser-included offense of robbery, and the trial court found the evidence sufficient to prove the offense charged and sentenced him to confinement for ten years. But, pursuant to a plea-bargain agreement, the court agreed to place appellant on shock probation after he served six months of his prison sentence. On March 25, 2019, the trial court suspended further execution of appellant's robbery sentence and placed him on community supervision for five years.

In June 2019, the State filed a motion to revoke probation or proceed with an adjudication of guilt in each case, alleging appellant had violated terms of his community supervision. Appellant pleaded not true to the allegations in each motion. After conducting a hearing on the motions, the trial court revoked appellant's community supervision and sentenced him to ten year's confinement in the robbery case. The trial court also adjudicated appellant guilty and sentenced him to twenty-five years' confinement in each aggravated robbery case.

DISCUSSION

The State's burden of proof at a revocation hearing is to show by a preponderance of the evidence that a defendant violated the terms of his community supervision, meaning that the greater weight of the credible evidence must create a reasonable belief that the defendant has violated a condition of his probation. *See Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). Proof of any one violation is sufficient to support revocation. *Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.). If the trial court determines the State's allegations are true and that sufficient evidence supports that determination, the court has discretion to continue, modify, or revoke community supervision. *See id.* If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *See id.*

In his sole issue, appellant challenges the sufficiency of the evidence to support the State's allegation that he failed to enroll, attend, and complete the necessary requirements to earn his GED by the end of the term of his probation and argues the trial court erred in considering that alleged violation when revoking appellant's community supervision and assessing his sentence. The trial court's judgment revoking appellant's community supervision included findings as true the GED allegation and allegations that appellant had committed additional offenses, including aggravated robbery, evading arrest, and failure to identify, on May 29,

2019, in further violation of the terms of his community supervision.[1] Because appellant has not challenged each violation supporting the trial court's decision to revoke community supervision and adjudicate guilt, we must affirm the trial court's judgments. *See Olabode v. State*, 575 S.W.3d 878, 881 (Tex. App.—Dallas 2019, pet. ref'd).

However, even if we were to construe appellant's brief to challenge the sufficiency of the evidence to support the State's allegations that on May 29, 2019, he committed the offenses at issue, the record contains sufficient evidence to support those allegations. The trial court heard testimony from Detective Dustin Barrett who interviewed appellant and the other robbery suspects. The detective testified appellant admitted to being in the car that ultimately fled from police after the robbery took place, that he knew a robbery was going to take place, that he told the other suspects to take a phone from one of the victims, and that he gave a false name to police officers. *See* TEX. PENAL CODE ANN. §§ 29.02(a)(2) (elements of robbery), 29.03(a)(2) (elements of aggravated robbery), 38.02(b) (elements of failure to identify), 38.04(a) (elements of evading arrest). Appellant appears to argue that the evidence was insufficient because none of the victims of the robberies appellant was involved in identified appellant as one of the men who robbed them. However, the

---

[1] The GED allegation only applies to the appeal of trial court cause number F18-40804-I, the robbery case, but the allegation appellant committed additional offenses on May 29, 2019, applies to all three cases on appeal.

testimony supports an implied finding that appellant was a party to, if not the primary actor in, the offenses. *See id.* §§ 7.01(a), 7.02(a)(2). Thus, we conclude the record contains sufficient evidence to support a single violation to support revocation. *See Dansby*, 468 S.W.3d at 231.

We overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgments.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47
191209F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JORDAN JEFFREY, Appellant

No. 05-19-01209-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas Trial Court Cause No. F18-40805-I. Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of March, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JORDAN JEFFREY, Appellant

No. 05-19-01210-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas Trial Court Cause No. F18-40804-I. Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of March, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JORDAN JEFFREY, Appellant

No. 05-19-01211-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas Trial Court Cause No. F18-40793-I. Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of March, 2021.