**AFFIRMED and Opinion Filed October 20, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00701-CR

**RICHARD DOUGLAS MCCUTCHEON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-1571547-I**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Smith

Pursuant to a plea agreement, appellant Richard Douglas McCutcheon pleaded guilty to possession of child pornography, a third degree felony. The trial court found the evidence supported the plea, deferred adjudication, and placed appellant on community supervision. Subsequently, the State filed a motion to adjudicate guilt and revoke community supervision based on violation of seven conditions. Appellant pleaded true and made a judicial confession to violation of all seven conditions. The trial court found appellant violated all seven conditions, adjudicated guilt, and sentenced appellant to eight years in prison. In five issues, appellant alleges the trial court abused its discretion by revoking his community

supervision for failing to (1) avoid persons of disreputable or harmful character, (2) pay supervision fees as directed, (3) complete community service hours, (4) pay a sex offender fee of $5.00 per month to the sex offender fund, and (5) comply with all directives and instructions provided by the registered sex offenders treatment provider or its staff. We affirm the trial court's judgment.

We review an order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A single violation of a probation condition is sufficient to support a trial court's decision revoking probation. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). A plea of true, standing alone, is sufficient to support revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *see also Foley v. State*, No. 05-18-01268-CR, 2020 WL 2745250, at *1 (Tex. App.—Dallas May 27, 2020, pet. ref'd). Thus, in order to prevail on appeal, the defendant must successfully challenge all of the findings that support the revocation order. *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

The record shows that appellant pleaded true to violating seven conditions of his community supervision: (c), (j), (l), (u), (w), (x), and (aa). His plea, standing alone, is sufficient to support revocation of community supervision. *See Garcia*, 387 S.W.3d at 26; *Cole*, 578 S.W.2d at 128. Moreover, because appellant has not challenged each violation supporting the trial court's decision to revoke community

supervision and adjudicate guilt, we must affirm the trial court's judgment.[1]  *See*

*Olabode v. State*, 575 S.W.3d 878, 880–81 (Tex. App.—Dallas 2019, pet. ref'd); *see*

*also Phillips v. State*, No. 05-16-00850-CR, 2017 WL 2875522, at \*2 (Tex. App.—

Dallas July 6, 2017, no pet.) (mem. op., not designated for publication).  We overrule

appellant's five issues and affirm the trial court's judgment.


/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200701F.U05

---

[1] Appellant did not challenge conditions (u) and (aa) relating to viewing and possessing pornography.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

RICHARD DOUGLAS
MCCUTCHEON, Appellant

No. 05-20-00701-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F-1571547-I.
Opinion delivered by Justice Smith.
Justices Schenck and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered October 20, 2021