**Affirmed and Opinion Filed May 5, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-21-00450-CR
No. 05-21-00451-CR

**TERRANCE JONES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1751224-K and F-1751223-K**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Partida-Kipness

Appellant Terrance Jones appeals the trial court's judgment revoking his community supervision and adjudicating guilt. In fourteen issues, Jones contends the judgment should be reversed because the evidence was insufficient to support findings that he violated fourteen conditions of his community supervision. We affirm the judgment.

## BACKGROUND

On April 4, 2017, Jones entered pleas of guilty in exchange for a recommendation of deferred adjudication on three charges: (1) possession with

intent to deliver methamphetamine with a deadly weapon; (2) possession with intent to deliver cocaine with a deadly weapon; and (3) a state jail felony of marijuana possession. The trial court accepted the pleas, found that the evidence substantiated Jones's guilt in each case, deferred adjudication of guilt, and placed Jones on community supervision in all three cases. There were initially twenty-three conditions of community supervision. The conditions were modified twice to add two conditions. First, on April 5, 2017, the court added a condition to report to "Court Officer HOWARD/RIOS within 48 hours of release from custody." Then, on October 27, 2017, the trial court added "Condition X," which required Jones to participate in the Intensive Intervention Program (IIP) and to report to IIP at 1:30 p.m. on November 2, 2017.

The State moved to adjudicate guilt and revoke community supervision on December 4, 2017 but withdrew that motion. The State again moved to adjudicate guilt and revoke community supervision on January 12, 2018, and then amended that motion on February 5, 2018, January 15, 2020, February 14, 2020, and March 2, 2020. The final, amended motion to revoke asserted twelve violations in the methamphetamine case and seventeen violations in the cocaine case. One of the alleged violations in both cases was that Jones violated Condition X by failing to attend the IIP program on three dates in January 2018.

Jones pleaded not true to all of the alleged violations. After a three-day hearing, the trial court found that the State had proven its allegations that Jones

–2–

violated multiple conditions of community supervision and adjudicated Jones guilty. Following a punishment hearing, the trial court sentenced Jones to life in prison. This appeal followed in the methamphetamine and cocaine cases. Jones has not appealed the judgment in the marijuana case.

## STANDARD OF REVIEW

"Appellate review of an order revoking [community supervision] is limited to abuse of the trial court's discretion." *Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.) (op. on remand) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). In determining questions regarding sufficiency of the evidence in community supervision revocation cases, the State must prove, by a preponderance of the evidence, that the defendant violated a term of his community supervision. *See Rickels*, 202 S.W.3d at 763. Proof of any one violation is sufficient to support revocation. *Dansby*, 468 S.W.3d at 231 (citing *Lee v. State*, 952 S.W.2d 894, 900 (Tex. App.—Dallas 1997, no pet.)). "If the trial court determines the State's allegations are true and that sufficient evidence supports that determination, the court has discretion to continue, modify, or revoke community supervision." *Id.*

## ANALYSIS

Jones complains on appeal that fourteen of the alleged violations were not supported by sufficient evidence. Jones does not, however, complain of the trial court's determination in both cases that Jones violated Condition X. The State maintains that this is fatal to Jones's appeal. We agree.

–3–

The State is required to prove only one violation to support the revocation judgment. *Dansby*, 468 S.W.3d at 231 ("Proof of any one violation is sufficient to support revocation."). Further, because Jones did not challenge each ground on which the trial court revoked community supervision, we must affirm the trial court's judgment. *See Olabode v. State*, 575 S.W.3d 878, 880–81 (Tex. App.—Dallas 2019, pet. ref'd). Here, Jones failed to challenge the trial court's finding that he violated Condition X (participation in the IIP program). And the record included sufficient evidence that he violated Condition X. The probation officer supervising the IIP testified that Jones was a "no show" for the program on January 11, 2018, January 18, 2018, and January 25, 2018. Moreover, Jones admitted he "did not report" on those days. This evidence is sufficient to support the trial court's determination that Jones violated Condition X. We, therefore, affirm on that ground alone. *See Olabode*, 575 S.W.3d at 881 (court does not have to address each of appellant's issues where appellant failed to challenge one ground for revocation and that ground is supported by the evidence); *see also Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation.").

## CONCLUSION

Jones does not complain on appeal of the trial court's determination that Jones violated Condition X of his conditions of community supervision. The evidence

supports that ground for revocation. Accordingly, we overrule Jones's appellate issues and affirm the trial court's judgments.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
210450F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TERRANCE JONES, Appellant

No. 05-21-00450-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas Trial Court Cause No. F-1751224-K. Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of May 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERRANCE JONES, Appellant

No. 05-21-00451-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas
Trial Court Cause No. F-1751223-K.
Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of May 2022.