**Affirm and Opinion Filed Augurst 1, 2022**

# S

**In The**
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00341-CR

**CALVIN DWAN HARRIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1745212-Q**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Partida-Kipness

Calvin Dwan Harris appeals the revocation of his community supervision. In his first issue, he contends the revocation was spurred by erroneous findings, and in his second issue, he asks us to reform the judgment to delete these findings. We affirm the judgment as modified.

## BACKGROUND

In 2017, a grand jury indicted Harris for unlawful possession of a firearm by a felon with a habitual-offender enhancement. He pleaded guilty to the offense and true to the enhancement. Pursuant to a plea agreement, the trial court deferred adjudication and placed Harris on community supervision for five years.

In August 2018, the trial court modified the terms of Harris's community supervision. In October 2018, the State moved to adjudicate Harris's guilt. The trial court continued Harris's community supervision but modified its terms and ordered a five-day jail sanction.

In July 2019, the State again moved to adjudicate guilt, alleging Harris had violated eight conditions of his community supervision labeled B, D, H, J, K, L, N, and T. Four of the alleged violations (H, J, K, and N) concerned Harris's failure to pay certain fees. The other four violations stemmed from Harris's positive drug tests (B), failure to report to the probation department (D), incomplete community service hours (L), and unfinished substance abuse counseling (T). Harris entered an open plea of true, though he stipulated to violating only conditions B, D, and T. He did not stipulate to violating conditions H, J, K, L, and N.

The motion was heard on March 18, 2021. Harris testified he had been unable to attend substance abuse counseling due to financial issues and scheduling conflicts. Harris conceded, though, he had twice tested positive for drugs and had not reported to the probation department in over a year, until he was apprehended on a warrant.

At the close of the hearing, the trial court accepted Harris's plea of true, granted the State's motion to adjudicate, and sentenced Harris to six years' confinement. Later that day, the trial court rendered a written judgment adjudicating Harris's guilt and sentencing him to six years' confinement. The judgment stated

Harris had violated eight conditions of community supervision: B, D, H, J, K, L, N, and T. Harris appealed.

## ANALYSIS

In his first issue, Harris asserts the trial court abused its discretion by revoking his community supervision. Harris notes he pleaded true to violating only conditions B, D, and T, whereas the judgment wrongly stated Harris pleaded true to violating all eight of the conditions in question. According to Harris, the revocation is erroneous both because there was no evidence to show he violated the other five conditions and because there was no evidence of his ability to pay the fees that some of the conditions demanded. However, he does not dispute the determination that he violated conditions B, D, and T.

We review an order revoking community supervision for an abuse of discretion. *Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.). The State has the burden to prove by a preponderance of the evidence that the defendant violated a term of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Dansby*, 468 S.W.3d at 231. Proof of a single violation of community supervision is sufficient to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Olabode v. State*, 575 S.W.3d 878, 880 (Tex. App.—Dallas 2019, pet. ref'd). We must affirm a trial court's judgment if an appellant does not challenge

each ground on which the trial court revoked community supervision. *Olabode*, 575 S.W.3d at 880–81. "A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt." *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015).

Harris pleaded true to violating conditions B, D, and T, and he does not dispute those grounds on appeal. His unchallenged plea of true to these violations is sufficient to support revocation. We overrule his first issue.

In his second issue, Harris contends the judgment should be reformed to delete the trial court's erroneous finding of true as to the alleged violations of conditions H, J, K, L, and N. Harris notes he did not plead true to these violations. The State concedes error and asks us to modify the judgment.

"We have the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so." *Sledge v. State*, 637 S.W.3d 770, 780 (Tex. App.—Dallas 2021). "Should a judgment and sentence improperly reflect the findings of the trial court, the proper remedy is the reformation of the judgment." *Turner v. State*, 626 S.W.3d 88, 101 (Tex. App.—Dallas 2021, no pet.) (internal quotation marks omitted).

We modify the judgment so it correctly reads, "While on community supervision, Defendant violated the terms and conditions of community supervision, as set out in the State's Original Motion to Adjudicate Guilt, as follows: B, D, T." We sustain Harris's second issue.

# CONCLUSION

Harris contests some of the grounds to support revocation. Because he did not challenge each ground on which the trial court revoked community supervision, this argument is unavailing. We affirm the judgment as modified.

210341f.p05

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

# S
## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

CALVIN DWAN HARRIS,
Appellant

No. 05-21-00341-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1745212-Q.
Opinion delivered by Justice Partida-
Kipness. Justices Pedersen, III and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 1st day of August, 2022.