**Affirm and Opinion Filed June 13, 2023**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00941-CR
## No. 05-21-00942-CR

**MITCHELL WAYNE AUSTIN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1770576-T & F-1258000-K**

## MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Nowell

Mitchell Wayne Austin appeals from two judgments revoking his community supervision and sentencing him to terms of confinement. In two issues, appellant argues the evidence is insufficient for the trial court to have found one of the State's allegations in its amended motions to revoke to be true and he asserts his plea was not voluntary.[1] We affirm the trial court's judgments.

---

[1] Appellant was originally represented on appeal by appointed counsel who filed an *Anders* brief in support of counsel's motion to withdraw. Appellant then retained counsel for the appeal, Kenneth Weatherspoon. When Mr. Weatherspoon filed an appearance, we substituted him for appointed counsel. Mr. Weatherspoon filed a brief on appellant's behalf raising two issues. The brief states it is "in addition to

In trial court cause number F12-58000-K, the State charged appellant with aggravated robbery occurring in July 2012. After appellant pleaded guilty, the trial court entered an order of deferred adjudication and placed him on community supervision for a term of six years. In trial court cause number F17-70576-T, the State charged appellant with aggravated assault with a deadly weapon occurring in February 2017. After appellant pleaded guilty, the trial court entered an order of deferred adjudication and placed appellant on community supervision for a term of five years.

In May 2020, the State filed a motion to revoke in each case. The State alleged appellant violated several conditions of his community supervision. Appellant pleaded true to the allegations in the State's motions on July 31, 2021, and the trial court deferred sentencing until the following month. The sentencing did not occur.

In February 2021, the State filed amended motions to revoke community supervision alleging seven violations, including that appellant committed murder on August 14, 2020. The trial court held a hearing on October 12, 2021, at which time appellant was permitted to withdraw his pleas entered on July 31, 2021. Appellant then pleaded not true to the allegations in the State's amended motions to revoke, and the trial court proceeded to hear testimony. The trial court found appellant

the *Anders* brief" filed by appointed counsel. However, an *Anders* brief is a brief in support of an appointed attorney's motion to withdraw based on the frivolousness of the appeal. *See In re Schulman*, 252 S.W.3d 403, 404 (Tex. Crim. App. 2008). Because we have substituted Mr. Weatherspoon for appointed counsel, the motion to withdraw and its supporting *Anders* brief are now moot, and we do not consider them.

violated conditions A, C, and R of his community supervision as alleged in the State's amended motions, but it also found appellant did not violate condition E. In cause number F17-70576-T, the trial court sentenced appellant to fifteen years' confinement; in cause number F12-58000-K, the trial court sentenced appellant to forty years' confinement. This appeal followed.

## A. Evidence Supporting Murder Allegation

In his first issue, appellant argues the trial court erred by concluding the State's evidence is sufficient to find the allegation of murder as alleged in the State's amended motions to revoke to be true. The State's amended motions allege appellant violated Condition A of his community supervision by, among other things, committing murder. The State responds that appellant failed to challenge all violations the trial court found to be true and, accordingly, he has not met his burden on appeal and, alternatively, the evidence is sufficient to support the trial court's finding. We agree with the State.

We review an order revoking community supervision for an abuse of discretion. *Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.). The State has the burden to prove by a preponderance of the evidence that the defendant violated a term of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Dansby*, 468 S.W.3d at 231. Proof of a single violation of community supervision is

–3–

sufficient to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Olabode v. State*, 575 S.W.3d 878, 880 (Tex. App.—Dallas 2019, pet. ref'd). We must affirm a trial court's judgment if an appellant does not challenge each ground on which the trial court revoked community supervision. *Olabode*, 575 S.W.3d at 880–81.

The trial court found appellant violated three conditions of his community supervision: Conditions A, C, and R. However, appellant only challenges the sufficiency of the evidence supporting the finding as to Condition A. Because appellant does not challenge each ground on which the trial court revoked his community supervision, we must affirm. *See id.* We overrule appellant's first issue.

**B. Voluntariness of Plea**

In his second issue, appellant argues his plea was not voluntary. Appellant initially entered into a plea bargain in each case in response to the State's motions to revoke his community supervision. However, the State then filed its amended motions to revoke in which it alleged he violated Condition A by committing murder. Appellant's brief states: "Being not guilty of the murder charge and requesting to contest it subjected Appellant to exposure on sentencing in these matters he otherwise would not have been. Without the murder charge . . . , Appellant would have accepted the original offer. Because the Defendant was placed in a catch twenty-two position of having to pled not true to the murder charge, this in essence made his plea involuntary." Appellant cites no authority to support his argument.

*See* TEX. R. APP. P. 38.1(i). The State responds that appellant failed to preserve his complaint for review. We agree with the State.

The record does not show appellant raised this complaint in the trial court. Rather, during the October 11, 2021 proceeding to adjudicate guilt, appellant was permitted to withdraw his plea that he entered in July 2021 and proceed with an adjudication of guilt. Appellant, who was represented by counsel, never argued his plea was involuntary. Having reviewed the record, we conclude appellant failed to raise this objection in the trial court and, accordingly, he has not preserved it for our review. *See* TEX. R. APP. P. 33.1. We overrule appellant's second issue.

## C. Conclusion

We affirm the trial court's judgments.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

210941f.u05
210942f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

MITCHELL WAYNE AUSTIN,
Appellant

No. 05-21-00941-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1770576-T.
Opinion delivered by Justice Nowell.
Justices Goldstein and Breedlove
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 13th day of June, 2023.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MITCHELL WAYNE AUSTIN,
Appellant

No. 05-21-00942-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1258000-T.
Opinion delivered by Justice Nowell.
Justices Goldstein and Breedlove
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 13th day of June, 2023.