**Affirmed as Modified and Opinion Filed February 12, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-23-00293-CR

_____

**JATERIN MIKEAL TYLER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F-1814124-K**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Goldstein

Appellant Jaterin Mikeal Tyler was charged with the felony offense of aggravated kidnapping. He judicially confessed to committing the crime with a firearm, pled guilty, entered into a plea agreement, and was placed on five years of community supervision. After his subsequent arrest for aggravated sexual assault and impersonating a public servant, the State moved to revoke his community supervision or to adjudicate his guilt. Appellant pled "not true" to the alleged violations. After a hearing, the trial court found the State's allegations to be true and sentenced appellant to thirty years of confinement. On appeal, appellant

challenges the sufficiency of the evidence to support the trial court's adjudication of guilt and two separate rulings admitting out-of-court statements over timely hearsay objections. We affirm the judgment of the trial court as modified in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

In his first issue, appellant argues the evidence did not sufficiently support the trial court's adjudication of guilt. The State's motion to revoke or adjudicate alleged multiple grounds, including appellant's arrest for impersonating a public servant during a subsequent sexual assault. The record reveals the trial court heard evidence supporting this allegation and that it found the allegation to be true. Although appellant argues the evidence is insufficient to support many of the State's allegations, his brief contains only one reference to his arrest for impersonating a public servant averring that appellant "was a security officer, not a policeman, and was misidentified by the complainant." This solitary reference lacks argument, citation to any facts, or citation to any authorities. *See* TEX. R. APP. P. 38.1(g) & (i).

"Where, as here, the State alleges multiple violations of the terms of community supervision, proof of any one of the alleged violations is sufficient to support revocation." *Kilpatrick v. State*, No. 05-21-00500-CR, 2022 WL 4591273, at *1 (Tex. App.—Dallas Sept. 30, 2022, no pet.) (mem. op.) (citations omitted); *see also Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). "We must affirm a trial court's judgment if an appellant does not challenge each ground on

which the trial court revoked community supervision." *Austin v. State*, No. 05-21-00941-CR, 2023 WL 3964004, at *2 (Tex. App.—Dallas June 13, 2023, no pet.) (citing *Olabode v. State*, 575 S.W.3d 878, 880–81 (Tex. App.—Dallas 2019, pet. ref'd)). Based on appellant's failure to challenge the trial court's finding of true with respect to the impersonation of a public servant charge and the evidence it heard in support thereof, we overrule his first issue.

Appellant's second issue challenges the trial court's overruling of a timely hearsay objection after the State elicited testimony from Detective Gloria Doll concerning a complainant's out-of-court statements that she was an escort, that she had made a date with someone, and that she had ended the date. Our review of the record, however, reveals that neither the State's query nor Detective Doll's answer concerned the State's allegation that appellant impersonated a public servant. Therefore, we need not decide whether the trial court erred when it overruled appellant's objection because any such error was harmless under Texas Rule of Appellate Procedure 44.2(b). *Johnson v. State*, No. 05-21-00964-CR, 2023 WL 3476377, at *4 (Tex. App.—Dallas May 16, 2023, no pet.) (mem. op.); *see also* TEX. R. APP. P. 47.1. Specifically, (1) we have already overruled appellant's legal sufficiency challenge because he did not address the trial court's adjudication of guilt based on the impersonation of a public servant charge and (2) the record reveals that the out-of-court statement at issue is unrelated thereto. Thus, any potential error concerning appellant's hearsay objection is harmless because a

–3–

ground other than the alleged sexual assault supported revocation and adjudication. *See Hood v. State*, No. 05-20-00902-CR, 2022 WL 2071111, at *5 (Tex. App.— Dallas June 9, 2022, no pet.) (mem. op.).

Appellant's third and final issue is initially framed as a challenge to the trial court's overruling of a timely hearsay objection after the State elicited additional testimony from Detective Gloria Doll about the alleged sexual assault. Appellant's brief, however, argues that the trial court's overruling of his hearsay objection denied him his rights under the Confrontation Clause in the Sixth Amendment to the United States Constitution. *See* U.S. CONST. amend. VI.

Confrontation clause claims must be preserved via a timely and specific objection. *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010); *Deener v. State*, 214 S.W.3d 522, 527 (Tex. App.—Dallas 2006, pet. ref'd). The record reveals appellant did not object to Detective Doll's testimony based on the Confrontation Clause; instead, his objection to the trial court was limited to hearsay. Thus, we overrule appellant's third issue because he did not preserve it. *See Rimes v. State*, No. 05-21-00038-CR, 2022 WL 3593282, at *4 (Tex. App.— Dallas Aug. 23, 2022, no pet.) (mem. op.).[1]

---

[1] As appellant combined his arguments relative to Issues 2 and 3, to the extent he challenges Issue 2 as a Confrontation Clause due process violation, we overrule the second issue for failure to preserve it as well.

Finally, our review of the record reveals two errors in the judgment. Specifically, the judgment states appellant pled true to the motion to adjudicate and that the terms of his plea bargain were "30 YEARS TDC"; neither statement reflects the truth. Instead, there was no plea agreement with respect to the motion to revoke or adjudicate, appellant pled not true to the motion, and after finding the State's allegations to be true the court sentenced him to 30 years.

When a record contains the necessary information, we may modify an incorrect judgment to correct clerical errors. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). Here, the record shows that appellant pleaded not true to the allegations prior to the hearing on the motion to revoke. Because the trial court's judgment states otherwise, we modify the section of the judgment entitled "Plea to Motion to Adjudicate" to state "Not True." *See Luna v. State*, No. 05-22-00308-CR, 2022 WL 5113139, at *1 (Tex. App.—Dallas Oct. 5, 2022, no pet.) (mem. op.). Additionally, because the record shows there was no plea bargain agreement at the motion to revoke or adjudicate stage, we modify the judgment to delete the language "30 YEARS TDC" in the section of the trial court's judgment for "Terms of Plea Bargain." *See Goodner v. State*, No. 05-22-01080-CR, 2024 WL 260469, at *3 (Tex. App.—Dallas Jan. 24, 2024, no pet. h.).

Having overruled each of appellant's three issues, we affirm the judgment of the trial court as modified.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230293F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JATERIN MIKEAL TYLER,
Appellant

No. 05-23-00293-CR     V.

The State of Texas, Appellee

On Appeal from the Criminal District
Court No. 4, Dallas County, Texas
County, Texas
Trial Court Cause No. F-1814124-K.
Opinion delivered by Justice
Goldstein. Justices Carlyle and
Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

the section of the judgment entitled "Plea to Motion to Adjudicate" is
modified to state "Not True"; and

the section of the trial court's judgment entitled "Terms of Plea Bargain" is
modified to delete the words "30 YEARS TDC."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered February 12, 2024