**Affirmed and Opinion Filed April 24, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01006-CR

**YAT HO WONG, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-81773-2018**

## MEMORANDUM OPINION
Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

Appellant Yat Ho Wong challenges the trial court's Judgment Adjudicating Guilt, signed after the court found that he had violated three terms of his deferred adjudication community supervision. In two issues, appellant contends that (1) the evidence is insufficient to support the trial court's finding that he violated a condition of his supervision by committing a criminal offense, namely Interference with Public Duties; and (2) the trial court erroneously overruled appellant's objection to testimony by a probation officer that violated hearsay and confrontation rules. We affirm the trial court's judgment.

## Background

Appellant pleaded guilty to felony possession of methamphetamine in 2018, pursuant to a plea agreement. The trial court placed him on deferred adjudication community supervision for two years.

On March 2, 2020, appellant was arrested following the incident made the basis of appellant's first issue. Officer John Nagy of the McKinney Police Force observed appellant, whom he knew by sight, driving in the area that Nagy patrolled. Appellant made two left turns on to neighborhood streets without signaling. When Nagy turned his patrol car's lights on, appellant pulled into his home's driveway and parked in the garage. He got out of the car and stood next to it inside the garage. Nagy parked a distance back from the garage in the driveway. He intended to detain appellant for the traffic violations, and he also believed that a warrant had been issued for appellant's arrest based on "violation of the conditions of [his] probation." Nagy identified himself as a McKinney police officer: he was driving a marked patrol car and was wearing his uniform. He confirmed appellant's identity and told appellant why he was going to detain him. Appellant denied the traffic violations but acknowledged that there probably was a warrant for his arrest.

What followed was a twenty-minute stand-off between appellant and Nagy and, subsequently, other McKinney police officers. Nagy asked appellant to step away from his vehicle and out of the garage so that he could safely conduct his investigation and detention. Appellant refused to comply. Nagy attempted to reassure appellant as to his safety, but explained that he needed appellant to move out of the garage so he could do his job. Nagy repeatedly told appellant he needed to follow his commands; appellant repeatedly refused to leave the garage. Nagy called for back-up and after some time five more officers arrived on the scene. Eventually, three of the officers approached appellant, ordered him to the ground, and hand-cuffed him. The outstanding warrant was confirmed, and appellant was arrested for Interference with Public Duties and the outstanding warrant

In April 2020, the State filed its First Amended Petition to Enter a Final Adjudication of Defendant's Guilt, alleging that appellant had violated five grounds of his community supervision: (1) committing a new criminal offense, namely Interference with Public Duty; (2) failing to report to his probation officer for twelve months; (3) failing to perform fifty hours of community service; (4) failing to participate in Intensive Outpatient Substance Abuse Treatment; and (5) failing to participate in and complete a Drug Offender Education Program.

At the adjudication hearing, appellant pleaded not true to all five allegations. The trial court heard testimony from Janie Sanchez, the probation officer who delivered and explained the community service conditions to appellant in 2018.

–3–

Another probation officer, Donald Bell, testified as the Department's record custodian concerning appellant's community service records. And Officer Nagy testified concerning appellant's arrest in 2020 for Interference with Public Duties.

The trial court found the allegations numbered 1, 2, and 3 true and the allegations numbered 4 and 5 not true. The court proceeded to adjudicate appellant guilty of the underlying methamphetamine offense, assessing his punishment at two years' confinement.

This appeal followed.

**Discussion**

We review a trial court's decision to adjudicate guilt for an abuse of discretion. TEX. CODE CRIM. PROC. ANN. art. 42A.108(b) (determination to proceed with adjudication of guilt on original charge is reviewable in same manner as revocation hearing in case when adjudication of guilt was not deferred); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) ("Appellate review of an order revoking probation is limited to abuse of the trial court's discretion."). A finding of a single violation of community supervision is sufficient to support revocation and adjudication. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

*Sufficiency of Evidence Supporting Criminal Offense*

In his first issue, appellant contends that the evidence is insufficient to support the trial court's finding of true to the State's first allegation, that he had violated his probation by committing the criminal offense of Interference with Public Duties. When determining questions regarding sufficiency of the evidence in probation revocation and adjudication cases, the burden of proof is by a preponderance of the evidence, i.e., "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763–64 (quoting *Scamardo v. State,* 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). We view the evidence in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). The trial judge is "the sole trier of facts, credibility of witnesses and weight to be given to testimony." *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980). We will uphold the judgment adjudicating guilt if it is correct on any legal theory applicable to the case and raised by the evidence. *Martell v. State*, 663 S.W.3d 667, 672 (Tex. Crim. App. 2022).

A person commits Interference with Public Duties if he:

with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with:

(1) a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law.

TEX. PEN. CODE ANN. § 38.15(a). By incorporating the standard of criminal negligence, the offense requires proof that a defendant acts:

> with respect to circumstances surrounding his conduct . . . when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist . . . . The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

*Id.* § 6.03(d).

Appellant points out that he complied when Nagy told him to lift his shirt and show his waistband so Nagy could see whether appellant had a weapon tucked in his pants. And appellant stresses that when the group of officers finally approached him, he had his hands in the air, he did not physically resist them, and he was unarmed. According to appellant, "he merely debated unclear legal points" with Nagy and did not impede or interrupt any officer from performing their public duties.

Our review of the evidence leads us to a different understanding of the incident. Viewing that evidence in the light most favorable to the trial court's ruling, the following evidence supports a conclusion that appellant interfered with the officers' public duties:

- Appellant refused to comply with Nagy's multiple commands, and subsequent commands from Nagy's supervisor at the scene, to step out from the garage toward the officers.

- Nagy explained repeatedly to appellant that he (Nagy) was detaining appellant because of traffic violations and an outstanding warrant. Nagy explained that he needed appellant to come out of the garage so he could do his job and detain appellant safely.

- Nagy testified, and the video evidence confirmed, that the garage area where appellant stood was full of things apparently being stored there. It was impossible to discern from the officers' position whether there were weapons—or items that could be used as weapons—within appellant's reach inside the garage or his vehicle. This caused Nagy to fear for his safety.

- Because it was not safe for Nagy to approach appellant in the garage alone, he requested a supervisor and further back-up to assist him in detaining appellant safely.

- Nagy and all other officers on the scene arrived in marked cars and wore uniforms that made clear they were there as on-duty peace officers.

As Nagy testified, when an individual does not comply with simple police commands, it "escalates the tension" of a situation and "creates danger for everyone." Here, Nagy was unable to perform his public duties including (1) detaining appellant to investigate the traffic violations Nagy had witnessed, and (2) confirming the existence of an outstanding warrant, which would have called for appellant's arrest. In addition, multiple police officers were taken from their other duties so they could assist Nagy in safely detaining appellant; those other duties were also impeded by appellant's actions. Sufficient evidence supports the conclusion that appellant's conduct interfered with the public duties of all the officers involved. *See Barnes v. State*, 206 S.W.3d 601, 605 (Tex. Crim. App. 2006) (evidence sufficient to support conviction under section 38.15: motorist's actions were inconsistent with officer's exercise of authority to detain her and required additional measures to ensure detention would not be successfully evaded and to ensure safety of detaining officer); *see also Booker v. State*, No. 05-14-01207-CR, 2016 WL 259221, at *2

(Tex. App.—Dallas Jan. 20, 2016, no pet.) (mem. op., not designated for publication) (section 38.15 evidence sufficient when individual repeatedly "refus[ed] to move" from area being cleared by police to detonate potential bomb).[1]

As to the statute's requirement that the accused act with criminal negligence, the evidence establishes that appellant ought to have been aware that his repeated refusal to comply with commands to step out from the garage was creating a substantial and unjustifiable risk that Officer Nagy would be put in fear of his safety and that Nagy was unable, as he put it himself, "to do [his] job." As time went by, and more officers arrived on the scene, appellant ought to have been aware that his conduct was preventing those other officers from performing their own duties as well. To ignore these risks that were the obvious result of his conduct constituted a gross deviation from the standard of care an ordinary person would have exercised under like circumstances. *See* PENAL § 6.03(d).

We conclude that the greater weight of the credible evidence in this case creates a reasonable belief that appellant violated a condition of his probation by committing Interference with Public Duties. *See Rickels*, 202 S.W.3d at 763–64.

---

[1] Appellant's brief makes a reference to appellant's holding "beliefs in line with the sovereign citizen movement." Although appellant apparently was voicing some of his movement's beliefs during the standoff with Officer Nagy, his comments were not the reason Nagy could not detain him safely and had to call for back-up. Appellant's refusal to comply with commands to step out from the garage was the source of his interference with the officers' efforts to detain him safely. *See Booker*, 2016 WL 259221 at *2 (defendant's "physical presence on the sidewalk that was inside of the perimeter and her refusal to move, rather than the words she spoke to [the officer], impeded and interfered with [the officer's] duties.").

Because the evidence supporting the trial court's ruling was supported by sufficient evidence, the court did not abuse its discretion by finding the State's first allegation true.

We overrule appellant's first issue.

*Hearsay and Confrontation Objections[2]*

In his second issue, appellant contends that the trial court erred by finding the second and third allegations of violations true based on testimony that violated the hearsay rule and the Confrontation Clause of the United Sates Constitution. Appellant's counsel objected at trial to testimony from Donald Bell concerning appellant's community service file. Bell testified, among other things, that the records in appellant's file showed that Wong did not report to his probation officer and did not complete any community service hours, the two conditions of community service alleged to have been violated in allegations numbered 2 and 3. Bell did not create the records in appellant's file; he was not appellant's probation officer. Appellant objected that Bell's testimony was hearsay and that it violated appellant's right to confront the witness with actual knowledge of his community service performance. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019).

---

[2] One violation of the conditions of community service is sufficient to adjudicate guilt. *Garcia*, 387 S.W.3d at 26. We address appellant's second issue for reasons of judicial efficiency.

Appellant argues in this Court that the records in appellant's file were out-of-court statements, not made by Bell, that were offered by the State to prove the truth of the matters asserted in those records, i.e., that appellant had failed to comply with conditions of his community supervision. We agree with this description of the records. However, Bell's testimony established that the records were admissible under the hearsay exception for records of a regularly conducted activity. *See* TEX. R. EVID. 803(6). This exception is commonly referred to as the business records exception, and it applies—regardless of whether the original declarant is available to testify as a witness—if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted business activity;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian . . . ; and
>
> (E) the opponent fails to demonstrate that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

*Id.* Bell testified that he was the custodian of records for the Collin County Community Supervision Department, that a probationer's activities are regularly entered in these records by his probation officer, as a part of the regular course of the department's business, at or near the time of the activity. He testified further that the probationer's records are "part of the court records so we're required by law to

–10–

make sure they're accurate and not falsified in any way." Appellant questioned Bell about the records, but he did not elicit—or otherwise offer—any evidence that the method or circumstance of preparing the community service file indicated a lack of trustworthiness.

We conclude that the State properly offered appellant's community service file as a business record exception to the hearsay rule. Accordingly, the trial court did not abuse its discretion in admitting the records over appellant's hearsay objection.

Appellant also objected that permitting Bell to testify to another officer's records violated the Confrontation Clause. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The admission of testimonial hearsay violates the Confrontation Clause unless the declarant is shown to be unavailable to testify and the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). Appellant argues that the State made no showing that his own probation officer was unavailable to testify at the adjudication hearing or that she had been cross-examined on these issues earlier. He argues further that the entries in the community service file are testimonial.

This Court has consistently concluded that the right to confrontation under the Sixth Amendment does not apply during revocation and adjudication proceedings.

*See, e.g.*, *Olabode v. State*, 575 S.W.3d 878, 881 (Tex. App.—Dallas 2019, pet. ref'd) (probation revocation); *Roberts v. State*, No. 05-16-00338-CR, 2017 WL 461354, at *2 (Tex. App.—Dallas Jan. 24, 2017, pet. ref'd, untimely filed) (mem. op., not designated for publication) (deferred adjudication of guilt). The Confrontation Clause, by its own terms, applies only to "criminal prosecutions," and neither a probation revocation nor an adjudication of guilt is a stage of criminal prosecutions. *Gutierrez v. State*, No. 05-11-01380-CR, 2013 WL 3533549, at *1–2 (Tex. App.—Dallas July 12, 2013, pet. ref'd) (mem. op., not designated for publication). We conclude that the trial court did not abuse its discretion in admitting Bell's testimony over appellant's confrontation objection.

We overrule appellant's second issue.

### Conclusion

The trial court properly adjudicated appellant's guilt because the evidence supported a conclusion that he violated the terms of his community service (1) by committing a new criminal offense, namely Interference with Public Duties, and (2) by failing to report to his probation officer and failing to perform his community service. We affirm the trial court's Judgment Adjudicating Guilt.

221006f.u05
Do Not Publish
TEX. R. APP. P. 47

/Bill Pedersen, III//
_____
BILL PEDERSEN, III
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

YAT HO WONG, Appellant

No. 05-22-01006-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas Trial Court Cause No. 219-81773-2018.
Opinion delivered by Justice Pedersen, III. Justices Molberg and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 24th day of April, 2024.